UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCISCO PEREZ BENITEZ,<br><br>                    Petitioner,<br><br>          v.<br><br>BRUCE SCOTT et al.,<br><br>                    Respondents. | CASE NO. 2:26-cv-01113-DGE<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

Before the Court is Petitioner Francisco Perez Benitez's petition for writ of habeas corpus.  (Dkt. No. 1.)  For the following reasons, the Court DENIES the petition.

## I.    FACTUAL BACKGROUND

Petitioner, a citizen and native of Mexico, entered the United States on April 3, 2000 by presenting to Customs and Board Protection ("CBP") officers an I-586 border crossing card that had not been issued to him.  (Dkt. Nos. 5-1 at 2; 6 at 2.)  Petitioner was arrested and issued a Notice and Order of Expedited Removal pursuant to 8 U.S.C. § 1225(b)(1), charging him as

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 1

inadmissible under 8 U.S.C. § 1182(a) (6)(C)(i).[1]  (Dkt. Nos. 5-2 at 3; 6 at 2.)  Petitioner was subsequently charged with fraud under 18 U.S.C. § 1028(a)(4) and pleaded guilty to the charge on April 6, 2000.  (Dkt. Nos. 5-3 at 2; 6 at 2.)  On April 7, 2000, Petitioner was ordered removed to Mexico.  (Dkt. Nos. 5-1 at 3; 5-2 at 2–3; 6 at 2.)

On February 8, 2003, Petitioner attempted to enter the United States and was subsequently apprehended by CBP officers.  (Dkt. Nos 5-4 at 2; 6 at 2.)  CBP officers processed Petitioner for expedited removal, and he was again ordered removed. (Dkt. Nos. 5-5 at 2–3; 6 at 2.)  On February 11, 2003, Petitioner again attempted to enter the United States and again detained by CBP officers, where he was processed for expedited removal.[2]  (Dkt. Nos. 5-6 at 2–3; 6 at 2.)

On November 18, 2025, Immigration and Customs Enforcement ("ICE") officers apprehended Petitioner "following a vehicle enforcement stop in Vancouver, Washington." (Dkt. No. 6 at 3.)  Following the encounter, Petitioner was issued an I-200 arrest warrant.  (Dkt. Nos. 5-7 at 2; 5-9 at 3.)  ICE served Petitioner with a Form I-871 Notice of Intent/Decision to Reinstate Prior Removal Order to reinstate the February 8, 2003 order of removal.  (Dkt. No. 5-8 at 2–3.)  Petitioner was subsequently transported to the Northwest ICE Processing Center ("NWIPC"), where he remains today.  (Dkt. Nos. 1 at 4; 6 at 3.)

While at NWIPC, Petitioner stated he had a fear of persecution or torture if removed to Mexico.  (Dkt. No. 5-9 at 4.)  On December 5, 2025, a Department of Homeland Security

---

[1] The Order identifies Immigration and Nationality Act ("INA") § 212(a)(6)(C)(i), which is codified at 8 U.S.C. § 1182(a)(6)(C)(i).

[2] Petitioner's Form I-213 indicates that he attempted to re-enter the United States on February 27, 2003, and was removed the same day.  (Dkt. No. 5-9 at 4.)  However, Respondents were "unable to locate documents relating to this encounter in Petitioner's A-File."  (Dkt. No. 4 at 5 n.5.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 2

("DHS") asylum officer interviewed Petitioner regarding his claimed fear of removal to Mexico. (Dkt. No. 6 at 3.) On December 9, 2025, the asylum officer issued a Record of Negative Reasonable Fear Finding and Request for Review by Immigration Judge. (*Id.*) On December 18, 2025, an immigration judge affirmed the asylum officer's decision. (Dkt. Nos. 5-10 at 2; 6 at 3.) On December 19, 2025, ICE issued a Warrant of Removal/Deportation. (Dkt. No. 5-11 at 2–3.) The same day, Petitioner filed a petition for review and a motion for stay of removal in the Ninth Circuit. (Dkt. No. 6 at 3.) On December 22, 2025, the Ninth Circuit entered a temporary stay of removal pursuant to General Order 6.4(c).[3] *See Perez Benitez v. Blanche*, No. 25-7987 (9th Cir. Dec. 22, 2025).

According to Enforcement and Removal Operations Deportation Officer Ian Bloom "ICE anticipates that it will be able to expeditiously execute Petitioner's removal order in the event the Ninth Circuit dismisses his [p]etition for review," because "ICE regularly removes individuals to Mexico, and there are no apparent impediments to Petitioner's removal[.]" (Dkt. No. 6 at 1, 3.)

## II.   JURISDICTION

Petitioner invokes this Court's jurisdiction under the habeas provision, 28 U.S.C. § 2241. "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–1212 (9th Cir. 2011)).

[3] The Ninth Circuit General Order 6.4(c)(1) states, "Upon the filing of an initial motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the Court."

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 3

### III.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

### IV.    ANALYSIS

**A.  Petitioner's Current Detention is Authorized by 8 U.S.C. § 1231(a)**

The detention, release, and removal of noncitizens subject to a final order of removal is governed by INA § 241, codified at 8 U.S.C. § 1231.  The requirements of the statute take effect once an immigration judge enters a final order of removal of a noncitizen.[4]  The first 90-day

---

[4] The Ninth Circuit has determined that individuals like Petitioner who are subject to a reinstated removal order are detained pursuant to 8 U.S.C. § 1231(a).  In *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017), the Ninth Circuit reviewed whether a noncitizen in administrative proceedings addressing only withholding of removal was detained pursuant to § 1226(a) or § 1231(a).  In that case, ICE had reinstated a removal order, and an asylum officer conducted a reasonable fear determination interview before referring the petitioner to an immigration judge for withholding-only administrative proceedings. *Id.* at 829.  While noting that the petitioner's withholding-only proceedings were ongoing, the Ninth Circuit ultimately held that his administrative proceedings were confined to his application for withholding and did not involve review of the reinstated removal order itself. *Id.* at 832.  Thus, the court determined that the petitioner's reinstated removal order was administratively final and § 1231(a) controlled. *Id.* The same is true here.  Petitioner is subject to a reinstated order of removal and has a pending

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 4

period following the entry of the removal order is called the "removal period." *Id.* § 1231(a)(1)(A). Detention is mandatory during that period. *Id.* § 1231(a)(2). However, once the 90-day removal period has expired, continued detention is at the discretion of the Attorney General. *Id.* § 1231(a)(6). There is no statutory limit on the Attorney General's discretion to detain noncitizens beyond the 90-day period, but in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

Relying on *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), Petitioner argues his removal is not reasonably foreseeable because his "detention is tied entirely to the duration of appellate proceedings" thereby bringing him within the purview of *Zadvydas*. (Dkt. No. 7 at 2–3.) But properly read, *Prieto-Romero* rejects Petitioner's position.

In *Prieto-Romero*, the petitioner remained detained for over three years while awaiting appellate review of an administrative removal order. 534 F.3d at 1056. As in this case, the Ninth Circuit stayed the removal order pending the appeal. *Id.* The court first determined the

---

petition for review in the Ninth Circuit addressing his credible fear of returning to Mexico. Because "[t]he removal order itself . . . is not at issue in the withholding-only proceedings . . . those proceedings cannot diminish or otherwise affect its finality." *Id.* at 831.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 5

petitioner's detention was based on 8 U.S.C. § 1226(a) because his removal order was not a final order under 8 U.S.C. § 1231(a) while the appeal was pending. *Id*. at 1058–1059. Pointing to his over three-year detention, and relying on *Zadvydas*, the petitioner argued his detention was indefinite and his removal was "unforeseeable" "because the government [could not] demonstrate to any degree of certainty when Prieto-Romero's judicial review [would] end." *Id*. at 1063. The court was unpersuaded. "It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id*. The court rejected the argument that the petitioner's removal was "no longer 'reasonably foreseeable,' . . . whenever there [was] some degree of uncertainty as to when his detention [would] conclude." *Id*. at 1064. The court found notable that lacking from the record was any evidence, "such as a lack of repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent Prieto-Romero's removal to Mexico if he is ultimately unsuccessful in his petition for review." *Id*. at 1065. Because "Prieto-Romero foreseeably remains *capable* of being removed—even if it has not finally been determined that he *should be* removed—[ ] the government retains an interest in 'assuring [his] presence at removal.'" *Id*. (quoting *Zadvydas*, 533 U.S. at 699).

As in *Prieto-Romero*, the uncertainty of when the Ninth Circuit will decide Petitioner's appeal, standing alone, does not support the conclusion that Petitioner's detention has become *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*. *Id*. at 1063.[5]

---

[5] Moreover, even if the Court agreed Petitioner's detention may become indefinite, Petitioner's detention has not yet reached the six-month presumptive period. Petitioner's order of removal

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 6

**B. Petitioner's Detention Does Not Violate Due Process**[6,7]

The Due Process Clause protects against deprivation of liberty without proper process, and this protection extends to deportation proceedings. U.S. CONST. amend. V. ("No person shall be . . . deprived of life, liberty, or property, without due process of law[.]"); *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

The traditional test for evaluating due process claims set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), "can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). *Mathews* employs a three-factor test looking at (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest." *Mathews*, 424 U.S. at 335.

---

was reinstated on November 18, 2025 (Dkt. No. 5-8 at 2); thus, the six-month presumptively reasonable period will not expire until May 18, 2026.

[6] Petitioner argues his continued detention is "not supported by any individualized determination that he poses a danger to the community or a flight risk." (Dkt. No. 1 at 8.) However, Petitioner is detained pursuant to a reinstated order of removal. Neither 8 C.F.R. § 241.8 nor 8 U.S.C. § 1231 contemplate these factors.

[7] Though Petitioner contends 'humanitarian equities strongly weigh against continued detention" (Dkt. No. 1 at 11), he provides no authority to support his assertion.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 7

Assuming Petitioner has a liberty interest in being free from detention, Petitioner fails to identify any erroneous deprivation.  Petitioner contends his continued detention without an individualized determination violates due process, and "a fair individualized custody determination" would reduce the erroneous deprivation.  (Dkt. No. 1 at 8, 11.)  The Supreme Court in *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580 (2022), held that "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence," and that the statute "says nothing about bond hearings before immigration judges or burdens of proof, nor does it provide any other indication that such procedures are required."  Thus, Petitioner fails to show he is entitled to a bond hearing.

Petitioner further argues Respondents have a diminished interest in effectuating removal "where removal is not reasonably foreseeable due to a judicial stay." (Dkt. No. 1 at 11.)  Again, Petitioner argues his detention is indefinite in light of his appeal of his negative reasonable fear determination and the Ninth Circuit's stay of removal.  (Dkt. No. 1 at 6–9.)  But, unlike the detainees in *Zadvydas*, Petitioner "is not stuck in a 'removable-but-unremovable limbo'" and Petitioner does not allege that Mexico lacks a repatriation treaty with the United States or will refuse to accept him in the event he is unsuccessful in his petition for review.  *Prieto–Romero*, 534 at 1063.  Instead, Officer Bloom attests that ICE anticipates "it will be able to expeditiously execute Petitioner's removal order in the event the Ninth Circuit dismisses his [p]etition for review," because "ICE regularly removes individuals to Mexico, and there are no apparent impediments to Petitioner's removal[.]"  (Dkt. No. 6 at 1, 3.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 8

Once more, while Petitioner's "detention lacks a certain end date, . . . this uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Prieto-Romero*, 534 F.3d at 1063.

Accordingly, the *Mathews* factors do not weigh in favor of granting Petitioner's habeas petition.

## V.  CONCLUSION

For the reasons stated herein, the Court DENIES Petitioner's petition for writ of habeas corpus.  (Dkt. No. 1.)  The Clerk is directed to close the matter.

Dated this 27th day of April, 2026.

David G. Estudillo
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 9